E-FILED
Monday, 23 March, 2026 02:48:15 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

SAMORY LIGGINS, *et al.*,
    Plaintiffs,

v.

GETZ INDUSTRIAL CLEANING,
INC.,
    Defendant.

Case No. 24-cv-01275

**Order**

Now before the Court is the parties' Joint Motion for Court Approval of Settlement and Dismissal of Complaint (D. 19).[1] For the reasons set forth *infra*, the Joint Motion is granted.

**I**

This lawsuit arises out of the Plaintiff's, on behalf of himself and all putative collective members, allegations that the Defendant violated the Fair Labor Standards Act ("FLSA"). In the pending Joint Motion, the parties seek Court approval of the settlement agreement that they have attached to the pending Motion. (D. 1-1).

"Settlements of FLSA claims … require court approval." *Burton v. IPREH, LLC*, No. 4:23-CV-04132-SLD, 2025 WL 1270075, at *2 (C.D. Ill. May 1, 2025) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). When determining the "fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

than a mere waiver of statutory rights brought about by an employer's overreaching." *Rambo v. Glob. Diversified, Inc.*, No. 420CV04212SLDJEH, 2021 WL 262556, at *1 (C.D. Ill. Jan. 26, 2021) (quoting *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010)). Generally, courts approve settlements that result from "contentious arm's-length negotiations, which were undertaken in good faith by counsel and where serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Ellison v. Nisource, Inc.*, No. 2:15-CV-59-TLS, 2016 WL 782857, at *1 (N.D. Ind. Feb. 29, 2016). Courts consider: "(1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Paredes v. Monsanto Co.*, No. 4:15-CV-088 JD, 2016 WL 1555649, at *2 (N.D. Ind. Apr. 18, 2016).

Here, upon review of the parties' proposed settlement agreement and considering the above factors, the Court finds that the settlement is reasonable. Indeed, the parties represent that the settlement is the product of "arm's length negotiations," and that the "Plaintiffs will receive fair[ ] and reasonabl[e] compensat[ion] … for relinquishing any claims they may have against Defendant." (D. 19 at ECF p. 2). And the Court's independent review of the proposed agreement reveals fair compensation for the Plaintiffs, particularly at this early stage in the litigation. There are no indicators that the agreement is unreasonable or unfairly negotiated. Accordingly, the Court grants the parties' Joint Motion. *See Castillo v. Noodles & Co.*, No. 16-CV-03036, 2016 WL 7451626 at *1 (N.D. Ill. Dec. 23, 2016) ("If the proposed settlement reflects a reasonable

2

compromise over contested issues, the court should approve the settlement."); *Hoaglan v. Grede Holdings LLC*, No. 20-CV-425-PP, 2022 WL 2703854, at *3 (E.D. Wis. July 12, 2022) (approving FLSA settlement agreement because the agreement represented "a reasonable compromise of the disputed issues"); *Rambo*, 2021 WL 262556, at *4 ("Finding that this settlement constitutes an arm's-length negotiation between represented parties where genuine legal and factual disputes are present and finding that the amount allocated for attorneys' fees is reasonable, the Court approves the parties' settlement agreement."); *Iannotti v. Wood Grp. Mustang*, No. 20-CV-958-DWD, 2023 WL 6217061, at *2 (S.D. Ill. Sept. 25, 2023) ("The Court has reviewed the parties' Settlement Agreement in camera and FINDS that the Settlement Agreement reflects a reasonable compromise of a bona fide dispute and is fair and reasonable. Accordingly, the Court APPROVES the parties' Settlement Agreement, and GRANTS the parties' Joint Motion for Settlement Approval.").

## II

For the reasons set forth *supra*, the parties' Joint Motion for Court Approval of Settlement (D. 19) is granted. After the Plaintiffs receive the settlement funds, and within 60 days of this Order, the parties shall file a joint stipulation to dismiss this case with prejudice.

*It is so ordered.*

Entered on March 23, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

3